## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MANUEL VALENCIA,

      Petitioner,

vs.                                 Nos. CIV 15-1003 JB/CG
                                          CR 12-3182 JB

UNITED STATES OF AMERICA,

      Respondent.

### MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 8, 2016 (CIV Doc. 13)("PFRD").  In the PFRD, the Honorable Carmen E. Garza, United States Magistrate Judge, concludes that Petitioner Manuel Valencia fails to demonstrate that he was denied effective assistance of counsel in violation of his rights under the Sixth Amendment to the Constitution of the United States of America, and recommends that the Court dismiss his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, November 4, 2015 (CIV Doc. 1)("Petition"), with prejudice.[1]

Judge Garza notified the parties that written objections to the PFRD were due within fourteen days.  See PFRD at 19.  Valencia filed Petitioner's Objections to Proposed Findings and Recommended Disposition, filed June 27, 2016 (CIV Doc. 14)("Objections"), and a Supplement to Petitioner's Objections to Proposed Findings and Recommended Disposition, filed June 29, 2016 (CIV Doc 15).  After a de novo review of the record and the PFRD, the Court adopts Judge

---

[1]Documents referenced as "CIV Doc. ___" are from No. CIV 15-1003 JB\CG. Documents referenced "CR Doc. ___" are from No. CR 12-3182 JB.

Garza's PFRD.

## FACTUAL BACKGROUND

Valencia is incarcerated at the Santa Fe County Correctional Facility in Santa Fe, New Mexico.  See Petition at 2.  On January 20, 2015, Valencia pled guilty to conspiracy to distribute cocaine pursuant to a plea agreement.  See Plea Agreement, filed January 20, 2015 (CR Doc. 742).  On April 21, 2015, Valencia was sentenced to twenty-seven months imprisonment.  See Petition at 5.

Valencia requests habeas review of his conviction pursuant to 28 U.S.C. § 2255, asking the Court to resentence him because his attorney, Ashli Summer McKeivier, was constitutionally ineffective.  See Pretrial Memorandum, filed January 2, 2016 (CIV Doc. 6).  The Court referred this matter to Judge Garza to conduct analysis, and to make findings of fact and recommend a disposition.  See Order Referring Case, filed November 5, 2015 (CIV Doc. 2).  Judge Garza concluded that the Court should dismiss Valencia's claim with prejudice, because Valencia fails to demonstrate that he was denied effective assistance of counsel in violation of his Sixth Amendment rights.

### 1.     Objections.

Pursuant to rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district judge may, under 28 U.S.C. § 636(b), refer a pretrial dispositive motion to a Magistrate Judge for proposed findings of fact and recommendations for disposition.  Within fourteen days of being served, a party may file objections to this recommendation.  See Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  A party may respond to another party's objections within fourteen days of being served with a copy; the

rule does not provide for a reply.  See Fed. R. Civ. P. 72(b).[2]

When resolving objections to a Magistrate Judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected.  See 28 U.S.C. § 636(b)(1)(C).  Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act,[3] including judicial efficiency."   United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel").   Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  One Parcel, 73 F.3d at 1060.  Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See  United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

In this case, Valencia requests habeas review of his conviction pursuant to 28 U.S.C. § 2255, alleging that he was denied effective assistance of counsel because his attorney did not (i) provide Valencia with a hard copy of his Presentence Report; (ii) seek a downward departure pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 5K2.12 for coercion or duress; (iii) object to the Presentence Report referring to Valencia as a "distributor" of cocaine rather than a "courier," in support of a minor or minimal role adjustment; (iv) request a 2-level reduction for safety valve pursuant to U.S.S.G. §§ 5C1.2, 2D1.1(17); (v) argue that the quality

---

[2] The Federal Rules of Civil Procedure may be applied to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings. See rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

[3] 28 U.S.C. §§ 631-39.

issues with the cocaine served as a mitigating factor pursuant to U.S.S.G. § 2D1.1; (vi) request a "split sentence," with home confinement; (vii) ask the Court to include a recommendation for a nearby Federal Correctional Institution ("FCI") including FCI Phoenix; (viii) ask the Court to recommend that the Valencia participate in the Bureau of Prisons' Residential Drug Abuse Program ("RDAP"); (ix) "remind" the Court that he complied with his conditions of release; (x) tell the Court that he voluntarily forfeited his right to his motorcycle; (xi) object to the fine amount; and (xii) present the Court with family hardships and character letters submitted on Valencia's behalf. See Pretrial Memorandum, filed January 2, 2016 (CIV Doc. 6).

After considering all of the evidence in the record, Judge Garza determined that Valencia had not demonstrated that his attorney provided ineffective assistance of counsel. See PFRD at 19. Accordingly, Judge Garza recommends that the Court dismiss all of Valencia's claims for habeas relief with prejudice. See PFRD at 19.

Valencia has now filed Objections and Supplemental Objections. In these Objections, Valencia reiterates all of the points he previously made. In addition, Valencia provides further facts regarding his attorney's decision not to request a safety valve reduction for Valencia. See Supplemental Objections at 2. Valencia suggests that this new evidence indicates that his attorney's decision was neither a strategic decision nor a reasonable decision. See Supplemental Objections at 2. Additionally, Valencia raises, for the first time, the argument that his attorney failed to advise him about his sentence. See Objections at 3, 8, 9, 15. Finally, Valencia requests the Court hold an evidentiary hearing based on the Motions, files, and records. See Objections at 1. The United States of America has not responded to Valencia's Objections.

## Law Regarding Ineffective Assistance of Counsel

In the PFRD, Judge Garza explains that, to establish ineffective assistance of counsel,

- 4 -

Valencia must show that counsel's performance was deficient because it fell below an objective

standard of reasonableness and that counsel's deficient performance prejudiced him.  Strickland

v. Washington, 466 U.S. 668, 687-88 (1984).  Valencia must satisfy both prongs outlined in

Strickland v. United States to demonstrate that counsel was ineffective.  Strickland v.

Washington, 466 U.S. at 687.  Accordingly, the Court does not need to address both prongs if

Valencia  makes an insufficient showing on one.  See United States v. Dowell, No. 10-1084, 388

Fed. Appx. 781, 783 (10th Cir. July 21, 2010)(unpublished)(citing Strickland v. Washington, 466

U.S. at 697).

        In determining whether counsel's performance falls below an objective standard of

reasonableness, "counsel should be strongly presumed to have rendered adequate assistance and

made all significant decisions in the exercise of reasonable professional judgment."  United

States v. Rushin, 642 F.3d 1299, 1307 (10th Cir. 2011)(internal citations and quotations

omitted).  Indeed, "[s]trategic or tactical decisions on the part of counsel are presumed correct,

unless they were completely unreasonable, not merely wrong, so that they bear no relationship to

a possible defense strategy."  United States v. Jordan, No. 13-3033, 516 Fed. Appx. 681, 682

(10th Cir. June 5, 2013)(unpublished)(citing Moore v. Marr, 254 F.3d 1235, 1239 (10th Cir.

2001)).

        To establish prejudice, Valencia must show "that, but for counsel's unprofessional errors,

the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. at

688.  In connection with a plea agreement, Valencia must demonstrate that, "but for counsel's

errors, he would not have pled guilty but rather would have gone to trial." Neef v. Heredia, No.

09-2200, 2010 WL 286562, at *2 (10th Cir. Jan. 26, 2010)(unpublished)(citing Hill v. Lockhart,

474 U.S. 52, 56-59 (1985)).  See United States v. Abston, No. 10-5091, 401 Fed. Appx. 357, 362

(10th Cir. Nov. 5, 2010)(unpublished).

## ANALYSIS

### I.    TRIAL COUNSEL'S PERFORMANCE.

Upon review of the record, Judge Garza concludes that, while Valencia alleges his attorney failed to argue certain issues to the Court, Valencia does not demonstrate that his attorney's choices were objectively unreasonable.  In addition, Judge Garza concludes that Valencia did not argue that his attorney's decisions prejudiced him.  As a result, Judge Garza concludes that Valencia fails to demonstrate that counsel was ineffective.

The Court agrees with Judge Garza's analysis.  In his Objections, Valencia continues to question his attorney's decisions, but he does not provide any facts that suggest his attorney's decisions prejudiced him.  As Judge Garza stated in the PFRD, if Valencia alleges ineffective assistance of counsel in connection to a plea agreement, Valencia must demonstrate that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  See Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001)(citing Hill v. Lockhart, 474 U.S. at 52, 59).  In both his Petition and his Objections, Valencia continues to maintain that his attorney failed to provide him with his Presentence Report and did not advocate positions with the Court as Valencia requests.  Valencia does not allege, however, in his Petition or his Objections that his attorney's decisions prejudiced him or that he would not have pled guilty.  The Court therefore finds that Valencia has failed to meet his burden to demonstrate that his attorney's performance was constitutionally deficient.   Because Valencia reiterates the same arguments in his Objections, the Court will address only the safety-valve reduction argument, as Valencia argues that he has new evidence.

### A. TRIAL COUNSEL'S FAILURE TO REQUEST A SAFETY VALVE REDUCTION.

Valencia continues to argue that his attorney was constitutionally ineffective because she did not advocate for a safety-valve reduction. See Objections at 5-6, 13-14. In his Supplemental Objections, Valencia alleges additional facts to support his claim. See Supplemental Objections at 1-2. Valencia's additional factual allegations, however, do not convince this Court to overrule Judge Garza. Valencia provides the Court with what he states is the transcript of a voicemail that his attorney left Valencia, in which she says "I need to talk to you[,] we need to discuss this safety valve [proffer] so that we could get those two points[.]" See Supplemental Objections at 2. Valencia contends that this voicemail proves that his attorney did not make a strategic decision in failing to ask for the safety-valve reduction and that it was unreasonable not to ask the Court for the reduction. See Objections at 4. Even assuming this decision was objectively unreasonable, Valencia does not argue that the decision prejudiced him, or that he would have decided to plead not guilty and go to trial if he had known that his attorney was not seeking a safety-valve reduction. Because the test for ineffective assistance of counsel is a two part test and Valencia does not address the prejudice prong of the test, the Court also finds that Valencia has failed to meet his burden to demonstrate that his attorney's performance was constitutionally deficient.

In addition to these new facts Valencia states that Judge Garza "fails to analyze whether Valencia is in fact eligible for a safety-valve reduction." Objections at 13. However, in its Response in Opposition to Motion to Vacate Sentence, filed February 29, 2016 (CIV Doc. 11), the United States of America stated that Valencia was not eligible for the safety-valve reduction under U.S.S.G. § 5C1.2 because, Valencia was not truthful to the United States during his debriefing. See Response in Opposition to Motion to Vacate Sentence at 13-14. Judge Garza

explained in the PFRD that, to qualify for the safety valve reduction, Valencia must "truthfully provide[ ] to the Government all information and evidence [Valencia] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G § 5C1.2(a)(5). Based on the United States' representations to his attorney that Valencia was not honest, the Court agrees with Judge Garza that his attorney made a reasonable strategic decision not to seek a safety valve reduction.  Because the strategy was reasonable under the circumstances and because Valencia does not allege prejudice, the Court agrees that Valencia has not shown that his attorney was ineffective.

### B.  TRIAL COUNSEL'S SENTENCE ESTIMATION.

In his Objections, Valencia alleges for the first time that his attorney assured him that he would receive probation in this case if he pled guilty.  See Objections at 3, 8, 9, 15.  Claims that Valencia did not raise before the Magistrate Judge are deemed waived.  Garfinkle v. United States, 261 F.3d at 1031.  The Court will therefore not address this argument.

### C.  EVIDENTIARY HEARING.

Finally, Valencia asks that the Court hold a hearing on the Petition.  See Objections at 1, 19.  Judge Garza concluded that "the pleadings, files, and records conclusively show that Valencia is not entitled to any relief," and therefore Judge Garza determined that she did not need to hold a hearing.  PFRD at 19.  A court must hold an evidentiary hearing on a § 2255 petition unless the motions, files, and records conclusively show that the prisoner is not entitled to any relief.  See 28 U.S.C. § 2255(b).  The Court also finds that the existing record clearly shows that Valencia is not entitled to relief; consequently, the Court will not hold a hearing on the Petition.

In sum, the Court concludes that Valencia has not met his burden to show that counsel's

performance prejudiced him.   The Court thus agrees with Judge Garza's conclusions that Valencia has not demonstrated that he received ineffective assistance of counsel, and that the Court should dismiss the Petition with prejudice.

The Court concludes that Judge Garza conducted the proper analysis and correctly concluded that the Court should dismiss Valencia's claims with prejudice.  The Court overrules Valencia's objections.

**IT IS ORDERED** that: (i) Judge Garza's Proposed Findings and Recommended Disposition, filed June 8, 2016 (CIV Doc. 13) are adopted; and (ii) the Court will dismiss Valencia's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, November 4, 2015 (Doc. 1), with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Stephen D. Aarons
Aarons Law Firm, PC
Santa Fe, New Mexico

*Attorney for the Petitioner*

Damon P. Martinez
   United States Attorney
Shana B. Long
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Respondent*